IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-00363-CR-W- FJG |
| ) | |
| MICHAEL J. ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

ORDER

Defendant Michael J. Alexander ("Alexander") is charged with eight counts of receipt of child pornography and one count of possession of child pornography. On August 30, 2007, United States Magistrate Judge Sarah W. Hays recommended that the Court enter an Order denying Michael J. Alexander's ("Alexander") Motion to Suppress [Doc. #36]. See Report and Recommendation ("R&R") [Doc. # 59]. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted.

On October 14, 2006, the Kansas City, Missouri Police Department seized TVs, VCRs, film cameras, a digital camera, a computer and computer equipment from Alexander's home during a search for video equipment allegedly used to film his ex-girlfriend nude without her consent in violation of Mo. Rev. Stat. § 565.252. That statute provides:

1

> § 565.252. Invasion of privacy, first degree, penalty
> 1. A person commits the crime of invasion of privacy in the first degree if such person:
> (1) Knowingly photographs or films another person, without the person's knowledge and consent, while the person being photographed or filmed is in a state of full or partial nudity and is in a place where one would have a reasonable expectation of privacy, and the person subsequently distributes the photograph or film to another or transmits the image contained in the photograph or film in a manner that allows access to that image via a computer; or
> (2) Knowingly disseminates or permits the dissemination by any means, to another person, of a videotape, photograph, or film obtained in violation of subdivision (1) of this subsection or in violation of section 565.253
> 2. Invasion of privacy in the first degree is a class D felony.

Mo. Rev. Stat. § 565.250(3) further provides in relevant part that:

> "Place where a person would have a reasonable expectation of privacy", [is] any place where a reasonable person would believe that a person could disrobe in privacy, without being concerned that the person's undressing was being viewed, photographed or filmed by another.

Police conducted the search pursuant to a warrant issued by Judge Midkiff on October 14, 2006. During that search, police found photographs of apparent juveniles with websites printed on them as well as evidence of an online subscription to a child pornography website. (R&R ¶ 11). The police arrested Alexander, who signed a Miranda Waiver and stated that he obtained the pictures of girls from the internet and said it is sometimes difficult to tell a girl from a woman. (R&R ¶ 12). Upon returning to the station, the police began reviewing Alexander's digital camera and computer for evidence of invasion of privacy. (R&R ¶ 14). After minutes of review, the police discovered "what appeared . . . to be child pornography . . . ." *Id*. The police stopped their review in order to obtain a second search warrant for child pornography. Judge Midkiff issued a

2

second search warrant on October 15, 2006, for evidence of child pornography. (R&R ¶ 15).

Alexander seeks to suppress all evidence seized from his residence, his car and his place of business. He claims that:[1]

    A.    The search warrant affidavits omit material facts;
    B.    The search warrant fails to describe with particularity the place or things to be searched and seized;

    C.    There was no probable cause to search Alexander's home;

    D.    The search warrants were overly broad; and

    E.    The officers exceeded the scope of the warrants.

A warrant must be sufficiently definite so as to enable the executing officer to ascertain and identify the place to be searched and the objects to be seized. *Steele v. United States*, 267 U.S. 498, 503-04 (1925); *United States v. Davis*, 557 F.2d 1239, 1248 (8th Cir. 1977). Police officers executing a search warrant may seize items of evidence not listed in the warrant if discovered during the reasonable course of the search and the object's incriminating character is immediately apparent. *See United States v. Weinbender*, 109 F.3d, 1327, 1330 (8th Cir. 1997).

First, Alexander argues that the initial warrant is invalid because Alexander was with his ex-girlfriend in a hot-tub when he allegedly filmed her without her consent. Alexander argues that under the statute, she could have no expectation that she could

---

[1] Alexander also raised arguments concerning the search of his business and car, but these points are moot because no evidence was seized at either location.

disrobe in privacy while another is present (Def. Mot., 3), and because these facts could not be a violation of law, a search warrant should not have been issued to search for evidence of the alleged crime. The Court rejects this argument because Alexander's interpretation leads to the more absurd result that anytime a person disrobes in front of another, even in the most intimate context, he or she abandons the expectation of privacy. *See People v. Gibbons*, 215 Cal. App. 3d 1204, 1211 (Cal. App. 1989) ("There can be little doubt defendant knew that in recording the sexual activity without the woman's consent, he was violating her right of privacy . . . .").

Second, Alexander argues that the police unlawfully expanded the nature and scope of the search because the warrant restricted the search to "photographs that appeared to have been taken without the consent of the party being photographed." (Def. Mot., 4). Many of the photographs seized included persons looking at the camera when photographed and therefore did not constitute evidence regarding the alleged invasion of privacy. *Id*. However, requiring law enforcement officers to determine the specific relevance of criminality in each photograph or item identified as subject to seizure pursuant to a lawful warrant is impractical. *United States v. Johnson*, 2007 WL 2303613 (W.D. Mo. Aug. 8, 2007). In addition, while looking for evidence of the crime of invasion of privacy, the officers identified photographs of naked juveniles or apparent juveniles. The photographs' immediate incriminating character was apparent and, therefore, they were properly seized. *Weinbender*, 109 F.3d at 1330.

Third, Alexander argues that police omitted material facts from their supporting

4

affidavit that would have caused a detached magistrate to doubt probable cause to search for items regarding an invasion of privacy. Among other things, the police failed to inform Judge Midkiff that Alexander was viewing his ex-girlfriend while she was being videotaped and that she had previously permitted Alexander to photograph her nude when they were romantically involved. (Def. Mot., 5). Omissions can vitiate a warrant if the defendant proves that facts were omitted with the intent to make the affidavit misleading with reckless disregard for whether the omission of the facts was misleading. In addition, a defendant must prove that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Ketzeback*, 358 F.3d 987, 990 (8th Cir. 2004) (quoting *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002)).

The Court does not believe that pertinent facts were omitted from the warrant. However, even if they were omitted, there is no evidence that the facts were intentionally or recklessly omitted.

The Court also agrees with the Magistrate that the particularity requirements of the constitution were satisfied. *See* pp. 19-23 and 25-27 of the R&R. Likewise, the Court rejects Alexander's argument that officers seized property that was beyond the scope of the warrants. The emails referencing a child porn internet site and the child pornography found during the first search were found in plain view. It was immediately apparent that they constituted evidence of criminal conduct. *See United States v. Weinbender,* 109 F.3d 1327, 1330 (8th Cir. 1997). Once that evidence was observed, the officers promptly obtained a search warrant that authorized them to search for child pornography. As for

5

the Black Bag of women's panties, while it may or may not be beyond the scope of the warrant, the Government does not intend to use it so the point is moot.

Alexander also argues that his ex-girlfriend's allegation of a single videotape made in violation of Mo. Rev. Stat. § 565.252 did not provide probable cause to search his computer and various computer equipment. (Def. Mot., 6). The officers' affidavit in support of Judge Midkiff's initial affidavit mentioned a video camera hooked up to a recording device which displayed on the television in Alexander's bedroom, VHS videos, DVDs, a second video camera hidden in the lattice work above the hot tub in Alexander's back yard, a third camera located near the pool, and a digital camera. The affidavit supports the inference that Alexander used a variety of means to record and store images. At the time the officers applied for the warrant, they knew only that potential incriminating evidence of invasion of privacy existed; they did not know the particular electronic format in which the evidence may have been maintained by Alexander. That evidence may have been hard copy videotapes or DVDs or digital feed into a computer. *See United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007). The search for evidence of invasion of privacy on the computer was within the scope of the warrant which led to Judge Midkiff's second warrant to search for child pornography.

Alexander also argues that he was unlawfully arrested in his home and was not given his Miranda warnings before he made incriminating statements. The police, however, had probable cause to arrest Alexander based on the information that had previously been given by the complaining witness and he made no incriminating

6

statements before being given his Miranda warnings.

Finally, even if the warrants were defective, or the application for the warrant was otherwise defective, the search conducted by the police was based upon the officers' good-faith reliance on a judicially authorized warrant and thus the evidence seized should not be suppressed. *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Moore*, 41 F.3d 370, 376 (8th Cir. 1994). The good faith exception allows evidence obtained pursuant to a search warrant, later found to be invalid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. *United States v. Leon*, 468 U.S. at 922. There is no evidence before the Court that the warrant was obviously deficient on its face nor does it find that the officers intentionally omitted any pertinent information.

Accordingly, it is

ORDERED that Judge Hays's Report and Recommendation of August 30, 2007, [Doc. # 59] is ADOPTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 14, 2007
Jefferson City, Missouri